UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------X

Sea Route Ltd.,

                                    07-CV-3873
                        Plaintiff,       (CPS)(JMA)

        - against -

National Bag & Trading Company,          MEMORANDUM
                                         ORDER &
                                         OPINION


                        Defendant.

------------------------------------------X


        Plaintiff Sea Route Ltd ("Sea Route") brings this admiralty

claim against defendant National Bag & Trading Company

("NABATCO"), alleging that NABATCO breached a maritime contract

between the parties.  Now before the Court is plaintiff's

application for an *ex parte* writ of maritime attachment and

garnishment against defendant's tangible and intangible assets in

the amount of $50,000, pursuant to Rule B of the Supplemental

Rules for Certain Admiralty and Maritime Claims of the Federal

Rules of Civil Procedure ("Rule B").[1]  Through this application,

---

[1] Rule B provides in relevant part:

   If a defendant is not found within the district, ... a verified
   complaint may contain a prayer for process to attach the
   defendant's tangible or intangible personal property-up to the
   amount sued for-in the hands of garnishees named in the process
   ... The court must review the complaint and affidavit and, if the
   conditions of this Rule B appear to exist, enter an order so
   stating and authorizing process of attachment and garnishment.
   The clerk may issue supplemental process enforcing the court's
   order upon application without further court order.

Fed. R. Civ. P. Supp. Rule B(1).

plaintiff seeks to obtain jurisdiction over defendant as well as obtain security for the amounts owed and anticipated costs for subsequent arbitration proceedings. Plaintiff also seeks the appointment of a special server pursuant to Federal Rule of Civil Procedure 4(c).[2]  For the reasons set forth below, plaintiff's application for a writ of attachment and garnishment is granted.

## BACKGROUND

The following facts are taken from plaintiff's submissions in connection with this application and are accepted as true for the purposes of this application.

Plaintiff Sea Route is a foreign business entity with an office and place of business c/o Sea Cargo Ltd, 341 Davis Road, Palm Springs, Florida.  Sea Route is the owner of the Vessel M/V Joanne 1 (the "Vessel") engaged in the carriage of cargo for hire.  Defendant NABATCO is a foreign business entity with an office and place of business at Delmas, Haiti.  Greenwich Shipping Services, Inc. ("Greenwich") is a chartering broker located in Island Park, New York whose services are used by NABATCO for purposes of making payments to its creditors.

---

[2]  Rule 4(c) states in relevant part:

> At the request of the plaintiff . . . the court may direct that service be effected by a United States marshal, deputy United States marshal, or other person or officer specially appointed by the court for that purpose.

Fed. R. Civ. P. Rule 4(c)(2).

On or about March 31, 2006, plaintiff Sea Route entered into Amendment D to a Sugar Charter Party dated May 3, 2004 for Voyage 18 of the Vessel, from Buenaventura, Colombia to Port-au-Prince, Haiti (the "Voyage 18 Charter"). The Voyage 18 Charter provided for the freight rate of $59 per ton and demurrage rate of $2,300 per day. The Voyage 18 Charter provided for the withholding of five percent of the freight until completion of the voyage. The Voyage 18 Charter also provides for arbitration between the parties under the New York Produce Exchange charter.

In the course of Voyage 18, demurrage was incurred at the port of loading, while the discharge of the freight took less time than permitted, thereby providing defendant with a dispatch credit against the demurrage charges.

On March 25, 2007, Sea Route provided NABATCO with a statement detailing the demurrage charges and dispatch credit, as well as the freight outstanding, with payment due by June 1, 2007. The net amount of demurrage due to plaintiff is $25,004.51 plus an additional $6,555 for the withheld five percent of the freight. NABATCO did not object to the calculations, nor did defendant make payment by the specified due date.

On September 15, 2007 plaintiff's counsel searched for and failed to find defendant registered with the New York Department of State, Division of Corporations. On September 15, 2007,

plaintiff's counsel also searched for and failed to find
defendant through Directory Assistance for New York for area
codes (212), (718), (516) and (646)[3] as well as the Internet
service, "Switchboard", which provides phone listings of
businesses in New York State.  Plaintiff's counsel also reviewed
and failed to find a listing for defendant in the Transportation
Telephone Tickler business directory

As of the filing of the complaint, defendant had not
tendered payment and arbitration has not commenced.

## DISCUSSION

This court has subject matter jurisdiction pursuant to 28
U.S.C. § 1333, which gives district courts original jurisdiction
over "[a]ny civil case of admiralty or maritime jurisdiction." 28
U.S.C. § 1333.  This court also has jurisdiction pursuant to 28
U.S.C. § 1331 because this action arises under the Convention on
the Recognition and Enforcement of Foreign Arbitral Awards, 9
U.S.C. § 201 et seq. and the Federal Arbitration Act, 9 U.S.C. §
1 et seq.

The power to grant maritime attachments in admiralty is an
inherent component of the admiralty jurisdiction given to the
federal courts under Article III of the Constitution. *Aqua Stoli
Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 437 (2d

---

[3] Plaintiff did not search under area code (631) which falls within the
District.

Cir. 2006). Rule B governs the process by which a party may attach another party's assets in maritime matters. *See* Fed.R.Civ.P. Supp. Rule B(l). Rule E of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure supplements Rule B and outlines the requirements for the execution of process, security for costs, and custody and release of property. *See* Fed.R.Civ.P. Supp. Rule E.

In addition to the "filing and service requirements of Rules B and E, an attachment should issue if the plaintiff shows that (1) it has a valid prima facie admiralty claim against the defendant; (2) the defendant cannot be found within the district; (3) the defendant's property may be found within the district; and (4) there is no statutory or maritime law bar to the attachment." *Acqua Stoli*, 460 F.3d at 445 (internal footnote omitted). The plaintiff's motive in seeking an attachment is irrelevant to the determination of whether an attachment should be issued. *Cent. Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A.*, 56 F.3d 359, 371 (2d Cir. 1995).

I address the four *Acqua Stoli* factors below.

(1) Sea Route has filed a complaint seeking an *ex parte* writ of maritime attachment and garnishment, pursuant to Rule B, for seizure of all tangible and intangible property of NABATCO in the possession, custody or control of, or being transferred

through Greenwich, up to the amount of $50,000.[4]

Plaintiff has a valid *prima facie* admiralty claim based on
its allegations of a breach of a maritime contract freely entered
into by the parties for the sea voyage of plaintiff's vessel.
*See Luckenbach S. S. Co. v. Coast Mfg. & Supply Co.,* 185 F.Supp.
910(D.C.N.Y. 1960)(internal citation omitted).

(2) A "defendant will be considered found within the
district in which the plaintiff brings its action if the
defendant has sufficient contacts with the district to meet
minimum due process standards and can be served with process in
the district." *Winter Storm Shipping, Ltd. v. TPI,* 310 F.3d 263,
268 (2d. Cir. 2002)(internal quotations and citations omitted).
Sea Route has established that NABATCO, a foreign business
entity, cannot be found within the district having made a bona
fide effort to locate defendant through several unsuccessful
state-wide searches and that the company lacks minimal contact
with the district sufficient to meet minimum due process
standards. *See Royal Swan Navigation v. Global Containers,* 868
F.Supp. 599, 603 (S.D.N.Y. 1994) (finding that "it is not
necessary that an exhaustive search be conducted") (internal
citation omitted).

(3) Plaintiff also establishes that defendant's property

---

[4] Plaintiff arrives at the figure of $50,000 based on the principal due
to plaintiff in the amount of $31.559.51 plus anticipated legal and
arbitration fees in the amount of $18,440.49.

will be found in the district.  NABATCO's chartering broker,
Greenwich, is located in Island Park, New York.  Plaintiff has
received information from an unidentified source that NABATCO
will be transferring assets, including but not limited to cash,
funds, escrow funds, credits, wire transfer, electronic funds
transfers, letters of credit, freights, sub-freights, charter
hire and sub-charter hire to accounts maintained by Greenwich
within a couple of days and at that point in time defendant's
assets will be found in the district.

In order for the attachment to be effective, at the time of
service of process, Greenwich must have possession of the
property to be attached and garnished.  *See Reibor International
Limited v. Cargo Carriers,* 759 F.2d 262 (2d Cir. 1985).  Upon the
consent of Greenwich, service of process of maritime attachment
and garnishment may remain "effective for such time as the
garnishee agrees to accept the burden of 'remaining vigilant.'"
*Navalmar (U.K.) Ltd. v. Welspun Gujarat Stahl Rohren, Ltd.*,
485 F.Supp.2d 399 (S.D.N.Y. 2007)*(quoting Reibor,* 759 F.2d at
267)*; see also Ythan v. Americas Bulk Transport Limited*, 336
F.Supp.2d 305, 307-308(S.D.N.Y. 2004).

(4) Based on the record before this Court, there is no
statutory or maritime law bar to the attachment.

Therefore, plaintiff has satisfied both the requirements of
Rule B and the four *Acqua Stoli* factors.  Accordingly,

plaintiff's application for a writ of maritime attachment and garnishment is granted.

## CONCLUSION

For the reasons set forth above, and as set forth in the accompanying order, plaintiff's application for a writ of maritime attachment and garnishment is granted in the amount of $50,000. The Clerk is directed to issue process of maritime attachment and garnishment. The Clerk is directed to transmit a filed copy of the within to plaintiff.


SO ORDERED.

Dated :    September 24, 2007
           Brooklyn, New York



                    By:  /s/ Charles P. Sifton (electronically signed)
                              United States District Judge